UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF, FLORIDA
Miami Division

Case No.:  <u>12-21145-CIV-TORRES</u>

ROBERTO PINEDA

    Plaintiff,

and

AMERICAN PLASTICS TECHNOLOGIES,
INC., JUANA SOTO, and JAVIER COCINA

    Defendants,
_____/

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION AND NOTICE UNDER 7.19(c) WITH INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff, ROBERTO PINEDA, by and through undersigned counsel, hereby Opposes the Defendants Amended Motion ECF 36 AND ECF 38, and states as follows:

1. The Amended Motion filed by the Defendant for reconsideration, "With the exception of a Rule 60(b) motion filed in federal court within 10 business days after the judgment, Rule 60 motions do not suspend the time for an appeal. Appellate courts do not, however, consider themselves bound by the parties' designation of the rule under which a post-judgment motion is filed. Therefore, if a party files a post-judgment motion in state court within 30 days after the judgment and incorrectly states that it is filed under Rule 60(b), the appellate court may treat it as a motion under Rule 50, 52, 55, or 59 and calculate the time for appeal from its denial (or denial by operation of law under Rule 59.1)."  The Amended motion is improperly made as the court has already ruled granting the Plaintiff an opportunity to accept the judgment, and he timely did so.

2. That Plaintiff under Fed. R. Civ. Pro. 6 (6)(1)(b) sought and obtained an extension of time to accept the Defendant, AMERICAN PLASTICS TECHNOLOGIES, INC.'s, 2nd Offer of Judgment ("Offer") dated June 17, 2013.  ECF 33 & 34. That on September 18th, 2013 the offer was accepted and thus the case is complete at that time. ECF 34 and 37.   The judgment is final.

3. That after the court granted the relief sought, the Defendant filed a "motion for reconsideration" on September 11th, 2013 and an Amended Motion for Reconsideration on September 12th, 2013.  However, that constitutes a post judgment relief motion. However, the order granting the relief sought was filed on September 11th, 2013 and the motion for reconsideration constitutes a request for post judgment relief.  Defendant mis-quotes rule 7.1(c) as mandatory.  That is not the case. The rule says "Failure to do so may be deemed sufficient cause for granting the motion by default".  However, the Plaintiff agreed with the ruling, and there simply were no new grounds stated for the Amended motion for reconsideration and it simply appeared that the Defendant was attempting to have the court rehear the same grounds as already stated.  That is not only not permitted, but no opposition was required. Had the defendant stated new or substantial grounds for the court to reconsider its already correct ruling, the Plaintiff would have opposed it. Plaintiff was simply attempting to mitigate its expenses in incurring more attorney's fees where it was not necessary to do so.

4. Even if a response is required, then the court can grant the Plaintiff time to respond, and consider this a response.  In CARLOS VITOLA v. PARAMOUNT AUTOMATED FOOD SERVICES, INC.,  Case No. 08-61849-CIV-O'SULLIVAN, United States District Court, S.D.

Florida.November 3, 2009. In that case, the Plaintiff was simply ordered the Plaintiff to respond.  In response, the Plaintiff simply says that the Court has already properly entered a ruling, and the order was proper. Finally the opposition is that there are no new grounds stated and, no new issues being raised, and the offer of judgment was accepted in accordance with the permission granted by the Court.

5. That, prior to filing the motion for reconsideration, and prior to filing the improper motion for lapse of 90 days, the Defendant failed to comply with the Local Rule 7.1(3)[1].  Plaintiff respectfully requests that the Court order that Defendant be obligated to pay the Plaintiffs reasonable attorney's fees for having to respond to this frivolous motion.

---

[1] 7.1 (3) Pre-filing Conferences Required of Counsel. Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation including a reasonable attorney's fee. See forms available on the Court's website ( www.flsd.uscourts.gov ).

WHEREFORE, the Plaintiff, ROBERTO PINEDA, respectfully asks this Court find the Plaintiff accepted the Defendant's 2nd Offer of Judgment, deem this opposition filed, deny the Defendants Amended motion for reconsideration improper and moot, and any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via U.S. Mail this 25th day of April, 2013 to: Langbein & Langbein, P.A Counsel for the Defendants 8181 NW 154th Street, Ste. 105, Miami Lakes, FL 33016

/David S. Harris

**David S. Harris, Esq.**
Fla. Bar No. 0112739
6431 S.W. 39th Street
Miami, Florida  33155
Office: (305) 667-9043
Facsimile: (305) 667-9044