## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.12-21145-CIV-TORRES

ROBERTO PINEDA and
all others similarly situated,

       Plaintiff,

v.

AMERICAN PLASTICS TECHNOLOGIES,
INC., JUANA SOTO and JAVIER COCINA

       Defendants.

_____/

## ORDER

This matter is before the Court on Defendants' Amended Motion for Reconsideration [D.E. 36] of the Court's Docket Order entered September 11, 2013 [D.E. 34] that extended the time, without objection, for Plaintiff to accept a previous offer of judgment served June 17, 2013. Also pending is a related Motion to Strike [D.E. 38] the Plaintiff's notice of acceptance of that offer of judgment following the Court's Docket Order.

The Court has reviewed the motions, the untimely response in opposition [D.E. 44],[1] and the record. In part, the delay in disposing of these motions was premised on the assumption that Defendants would, in the intervening period, reach some amicable resolution of the issues in dispute. The delay was also attributable to the Court's

---

[1]      The motion to strike the untimely response will be denied as moot.

review of the unique legal issues raised in the amended motion with respect to the application of Rule 68.  Now that a sensible resolution of these issues has not been forthcoming, the motions are ripe for disposition.

## I.  BACKGROUND

The underlying thread that runs through all the pending motions and issues in dispute is neglect, primarily by the lawyers in the case.  Unfortunately, that neglect has prejudiced both parties in the case and unnecessarily dragged out litigation that should have been resolved long ago.

The sad tale begins with Defendant's service of an offer of judgment, under Fed. R. Civ. P. 68, to resolve all claims in the case.  That notice, a copy of which is not in the record, was served on Plaintiff's counsel of record at the time, Andrew Palma, Esq.  It is undisputed that this offer was not timely accepted within fourteen days under the Rule and was deemed withdrawn under the Rule.  It is also undisputed that a second offer of judgment was served by Defendant on Plaintiff's counsel on or about June 17, 2013. [D.E. 33].  That second offer, with modified terms to dispose of the litigation, was due to be accepted by July 1, 2013 or otherwise withdrawn under the Rule.

According to Plaintiff, he never learned of the existence of this second offer of judgment.  During that acceptance period, Plaintiff and his then counsel parted ways for reasons not clear in the record.  Counsel moved to withdraw on July 2, 2013 (one day after the offer was due to be accepted) citing irreconcilable differences with the client. [D.E. 26].  No objection was filed to that motion and counsel was terminated on July 16, 2013.  Plaintiff claims that during this period he was never advised by his

lawyer that the second offer of judgment had been served.  As a result, he never had the opportunity to timely accept it.  Plaintiff's motion for extension claimed that, had he been apprised of the offer, he would have timely accepted it and resolved the case.  Plaintiff cites his counsel's neglect in failing to present him with that opportunity before counsel withdrew.

After counsel's motion to withdraw was granted, Plaintiff appeared pro se and sought an extension of time to mediate, citing in part his willingness to settle on terms that mirrored the unaccepted second offer of judgment. [D.E. 31].  Shortly thereafter, new counsel entered a limited appearance for the Plaintiff [D.E. 32] solely for the purpose of filing a motion for extension of time to accept the second offer of judgment [D.E. 33].  That motion, filed August 19, 2013, claimed that it was seeking an extension of time to accept the offer due to "excusable neglect" – his former counsel's failure to advise him of the existence of the second offer.  Plaintiff argued that he personally contacted Defendant when he learned of the second offer to try to accept but Defendant's counsel refused.

That motion for extension of time, having been filed on August 19th, was due for a response from Defendant by September 6, 2013.  Indeed that was the response date the Court's docketing system identified at the time. [D.E. 33].  And, a review of the Court's Local Rule 7.1 and Fed. R. Civ. P. 6 shows, in fact, that the fourteen continuous days, plus three days for mailing and an extra day for the initial period landing on Labor Day, results in a response date of September 6th.

No response was timely filed, however, by that date.  Indeed, no response was ever filed before the Court's review of the record revealed two unopposed motions for

extension of time.   Consequently, based upon the Defendant's default in failing to oppose the motions, plus the grounds cited in the motions, the Court granted the motion for extension of time to accept the second offer, through a Docket Order entered September 11, 2013. [D.E. 34].   The motion for extension of time to mediate was contemporaneously denied as moot.

That same day, Defendant reacted to the entry of the Court's Docket Order with a motion for reconsideration [D.E. 35] that swiftly sought to vacate the Order based upon excusable neglect.   That neglect was Defendant's counsel's failure to timely serve and file her opposition to the motion for extension of time and/or her failure to move to strike that motion as being improperly filed under Rule 68.   Counsel claimed that when the motion for extension was originally filed "on August 28, 2013" counsel immediately drafted a response in opposition and motion to strike (attached as an exhibit to the motion for reconsideration with a purported service date of August 28, 2013).   Counsel claimed that she had intended to file the motion but neglected to do so before leaving the office for other business she had to attend to that night.   Citing that excusable neglect, plus the improper and unwarranted nature of the relief sought in the original motion under Rule 68, counsel asked the Court to reconsider its Docket Order based upon those arguments and the legal authorities cited in her attached draft motion to strike.

The next day, Defendant filed the pending amended motion for reconsideration [D.E. 36] that supplemented the original arguments for reconsideration with the claim that in fact the response to the motion for extension of time was still timely. Defendant claimed that the original motion filed August 28th, was due for a response

by September 11, 2013, the same date that the Court entered its Docket Order to which Defendant immediately moved to reconsider.  Additionally, Defendant reiterated the argument that, even if untimely, excusable neglect warranted the Court's reconsideration of the entire issue based upon counsel's misunderstanding coupled with the lack of authority to grant any relief under Rule 68 to extend the time to accept an expired offer of judgment.  The amended motion specifically cites Rule 59 or Rule 60 as legal bases upon which the Court's reconsideration of the Docket Order could lie.

Six days later, Plaintiff formally filed notice of his acceptance of the terms of the second offer of judgment, in accordance with the Court's September 11th Docket Order. [D.E. 37].  Defendant moved to strike that acceptance, citing the same grounds already presented through the motions for reconsideration. [D.E. 38].  That motion to strike remains pending.

No timely response was filed by Plaintiff to either the motions for reconsideration or the motion to strike the acceptance.  The Court, however, stayed all pending deadlines (including the October trial setting) until adjudication of the motions relating to the Rule 68 issue. [D.E. 40].

In the interim period, the Court did not enter any judgment on the notice of acceptance.  The case remained in abeyance while the Court decided how to resolve the problems presented in the case.  After Defendant's filing of a Local Rule 7.1 notice advising that the motions were ripe for adjudication, Plaintiff for the first time responded in opposition to the motion for reconsideration on April 28, 2014 [D.E. 44].  That untimely response was met with another motion to strike filed by Defendant on April 30, 2014. [D.E. 45].

## II.  ANALYSIS

### A.    Standard of Review

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings *v. Sch. Bd. of Hillsborough County,* 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Three grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)).

Motions for reconsideration based upon excusable neglect, whether filed under Rule 59(e) prior to a final appealable judgment, or under Rule 60(b) after a final appealable judgment or order is entered, require application of a well understood standard.  Excusable neglect is an equitable determination that analyzes whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced. *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1297 (11th Cir. 2003); *Walter v. Blue Cross & Blue Shield United of Wis.,* 181 F.3d 1198, 1201 (11th Cir. 1999) (listing the relevant factors as (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith).  As the Supreme Court put it,

" 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' " *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Limited Partnership,* 507 U.S. 380, 394 (1993). So, for instance, taking account of all these relevant circumstances a court could excuse a tardy filing if the prejudice suffered was minimal, if good faith permeated the neglect, and the interests of efficient judicial administration favored the exercise of that discretion. *Id.* at 397-98.

### B.    *Excusable Neglect for Untimely Response*

The first question to address is whether excusable neglect or other grounds warrant reconsideration of this Court's September 11th Docket Order. That Order was founded on Defendants' default under Local Rule 7.1 plus the good cause shown on the face of the motion.

As to the default issue, there is no dispute that Defendants' failure to timely respond in opposition to the motion was a product of counsel's neglect. Though the amended motion for reconsideration claimed otherwise, the response was due on September 6th. The response to the motion was admittedly not filed by counsel, even after preparing and drafting it together with a motion to strike, due to counsel being distracted with other matters. That misfeasance is by definition neglect.

That neglect resulted in the absence of any opposition to a procedural motion for extension of time in the record. The Court was, therefore, entitled to rely upon Local Rule 7.1(c): "Failure to [file a timely opposing memorandum] may be deemed sufficient cause for granting the motion by default." That Rule may undeniably be enforced and

relied upon by a district court in the proper management of its cases.  *See, e.g., Digioia v. H. Koch & Sons, Div. of Wickes Mfg. Co.,* 944 F.2d 809, 811 (11th Cir. 1991); *Calmaquip Eng'g West Hemisphere Corp. v. West Coast Carriers, Ltd.,* 650 F.2d 633, 636 (5th Cir. Unit B 1981) ("A litigant has a right to rely upon the local rules, as the parties and the court are bound by them." (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.,* 337 F.2d 888, 891 (10th Cir. 1964)).[2]

If, however, there is excusable neglect in the record to excuse Defendants' default under the Local Rule, that would indeed provide a reason for the Court to reconsider its original interlocutory order.  We find, in consideration of all the factors required under *Pioneer,* as well as the Eleventh Circuit's interpretation and application of those factors, that the neglect at issue here squarely falls in the "mistake of fact" or clerical error category.  In that type of case, excusable neglect may more readily be found.  *See, e.g., Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 849-50 (11th Cir. 1996).

In *Cheney,* plaintiff filed an action, which was referred to arbitration. Under the local rules, an arbitration outcome became final unless a trial de novo was requested within 30 days.  During that period lead counsel was on vacation; and "[t]he associate attorney did not think he should file the demand without consulting the lead counsel."

---

[2]     This is not a case where application of the rule resulted in draconian sanctions or dispositive relief against a pro se litigant unaware of the effect of a court's local rules.  *Cf.  Pierce v. City of Miami,* 176 F. App'x 12, 14 (11th Cir. 2006); *Rex v. Monaco Coach,* 155 F. App'x 485, 486 (11th Cir. 2005).  Nor did it involve application of a local rule in derogation of a superseding Federal Rule of Civil Procedure.  *Cf. Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers v. Wolf Crane Serv., Inc.,* 374 F.3d 1035, 1040 (11th Cir. 2004).

*Id.* at 849.   Because the associate attorney would himself be out of town when the deadline occurred, he told a secretary to advise lead counsel of the deadline. The secretary seemingly did not do so. *Id.* at 850 ("The reason for the delayed filing was a failure of communication between the associate attorney and the lead counsel. . . . The non-filing was simply an innocent oversight by counsel.").   When the lawyers realized the failure of the secretary to deliver the message, the necessary motions, including one for more time, were promptly filed, resulting in little or no prejudice to the other side. As a result, the Court of Appeals reversed the district court's refusal to entertain a motion to set aside the judgment on timeliness grounds, remanding the case for a review of the merits of the claim.   *Id.* ("On balance, the lack of prejudice to [non-movant], the minimal degree of delay and the reason therefor, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith on the part of [movant], require a finding by the district court that the neglect of [movant's] counsel was 'excusable.' ").

That result does not follow, however, when counsel makes a mistake of law where an untimely filing is caused by counsel's misconstruction of a rule.   Attorney error based on a misunderstanding of the law is an insufficient basis for excusing a failure to comply with a deadline.   *See, e.g., Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1115 (11th Cir. 1993); *Committee v. Yost,* 92 F.3d 814, 825 (9th Cir. 1996); *Prizevoits v. Indiana Bell Tele. Co.,* 76 F.3d 132, 133 (7th Cir. 1996); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir. 1994).

Indeed, the Eleventh Circuit distinguished *Cheney* in a later case that squarely held that "[t]oday, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.  Nothing in *Pioneer* indicates otherwise, and we believe that the law in this area remains as it was before *Pioneer*."  *Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997).  In *Advanced,* counsel had misinterpreted the then-existing rule requiring notices of appeal to be filed ten days from entry of judgment (as opposed to ten days from notice of receipt of a judgment).  That mistake of law would not constitute excusable neglect because the *Cheney* analysis could not apply.  "*Cheney* was a miscommunication case or a clerical-error case: a mistake of fact was made about whether a message was delivered.  This case, however, is a mistake-of-law case; the reason for [counsel's] failure to file timely a notice of appeal was an apparent failure to review or to appreciate the relevant rules, which clearly indicate that a party has ten days from the entry of judgment to file the kind of post-trial motions that will toll the filing period for a notice of appeal. The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse." *Id.* at 999.

Here, arguably this case involves two different types of error by counsel.  On the one hand, counsel's preparation of a draft to timely respond to the motion for extension was inadvertently not filed.  That is a prototypical clerical error that constitutes a mistake of fact.  On the other hand, counsel also claimed in the amended motion for

reconsideration that her calculation of the due date for the response was September 11th, not September 6th. That negligent construction of the Court's Local Rule is a classic mistake of law, just as in *Advanced Estimating,* which cannot form the basis of excusable neglect.

But the former situation does present this Court with a mistake of fact problem which allows for reconsideration based upon excusable neglect. Of course, even if possible, no excusable neglect could be found if there was material prejudice to the Plaintiff. In *Pioneer,* the Supreme Court focused primarily on absence of prejudice to the nonmoving party and to the interest of efficient judicial administration in determining whether the district court had abused its discretion. *Id.* at 398-99. Similarly, the lack of prejudice to Plaintiff is equally significant.

The response to the motion for extension was due September 6th. The untimely response was filed September 11th on the heels of the Court's Docket Order granting the motion. There is no claim, nor could there be one, that this five-day delay in the filing of Defendants' response affected the outcome or resulted in material prejudice to Plaintiff. Counsel's immediate filing of the motion for reconsideration also placed Plaintiff on immediate notice of a mistake, which further minimized what little prejudice there would otherwise have been.

Therefore, this most significant issue counsels in favor of granting reconsideration and examining the merits of the matter. Moreover, the other *Pioneer* factors point in the same direction. The result for the delay here was unintentional carelessness. There is no claim that counsel deliberately disregarded Local Rule 7.1

or that she intended to damage Plaintiff or obtain some type of advantage.  "The nonfiling was simply an oversight by counsel." *Cheney,* 71 F.3d at 850.  We thus find no bad faith in the record not to excuse that neglect so as to allow a full consideration of the merits of the issue on the pending motion.

Accordingly, excusable neglect having been amply demonstrated in this record, the Court will grant the motion for reconsideration in so far as it requires a substantive examination of the issues raised in the motion and the response.

### C.   *Extensions of Time Under Rule 68*

We then turn to the original question presented by the motion for extension of time, to which Defendants object.  Plaintiff's motion is itself predicated on an excusable neglect question.  Plaintiff did not have the opportunity to review the second offer of judgment before it expired due to his counsel's own misfeasance.  As a result, Plaintiff requested additional time to accept the second offer of judgment that had already expired on July 1st.

Defendants object on various grounds.  First, they contend that there is no authority under Rule 68 to extend the time for acceptance of an offer of judgment under any circumstances.  Second, Defendants argue that any such authority, if it existed, does not extend to an offer that is already deemed withdrawn under the Rule because it was not timely accepted.  Third, they also argue that Plaintiffs' own failure to timely respond to the pending motion for reconsideration is grounds enough to grant the motion.

Rule 68 is a straightforward mechanism "to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 5 (1985); Adv. Comte. Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n.1 (1946). The Rule "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek,* 473 U.S. at 5. Courts generally apply traditional principles of contract law to interpret offers of judgment made under Rule 68, except where doing so would undermine the purposes behind the Rule. *See, e.g., Johnson v. University College of Univ. of Alabama,* 706 F.2d 1205, 1209 (11th Cir. 1983); *Pope v. Lil Abner's Corp.,* 92 F. Supp. 2d 1327, 1328 (S.D. Fla. 2000) (Jordan, J.).

The Rule expressly provides that unaccepted offers are deemed withdrawn after the 14-day period for acceptance. The consensus among the federal courts applying the Rule is that this automatic withdrawal is required by the express language of the Rule, the flip-side of which is that an offer cannot be revoked prior to that 14-day period. "[A] a consensus has emerged regarding the automatic withdrawal of an Offer of Judgment following the statutory 14-day period under Rule 68(a). . . . A plain reading of the relevant provisions of Rule 68 in conjunction – Rule 68(a) and (b) – indicates that a deadline exists between service on an opposing party and their ability to guarantee an entry of judgment based on the terms of the Offer of Judgment: 14 days." *Whitehouse v. Target Corp.,* 279 F.R.D. 285, 289 (D.N.J. 2012) (citing C. Wright, et al., 12 *Fed. Prac. & Proc.* § 2004 ("Withdrawal of Offer") ("Rule 68 gives the offeree ten days in which to accept the offer, and provides that if the offer is not accepted in that

time it 'shall be deemed withdrawn.' ")); *see, e.g., Pope,* 92 F. Supp. 2d at 1328 ("Rule 68 offers of judgment, however, are irrevocable offers."); *Richardson v. National R.R. Passenger Corp.,* 49 F.3d 760, 764-65 (D.C. Cir. 1995) ("a Rule 68 offer is simply not revocable during the 10–day period"); *Butler v. Smithfield Foods, Inc.,* 179 F.R.D. 173, 174-75 (E.D.N.C.1998) (same); *United States v. Hendricks,* 1993 WL 226291, at * 2-3 (N.D. Ill. June 24, 1993) (same); *see also Webb v. James,* 147 F.3d 617, 620-21 (7th Cir. 1998) (Rule 68 offers are not subject to recission); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1240 (4th Cir. 1989) (suggesting that Rule 68 offers may be revoked only in "exceptional factual circumstances"); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 402 n.6 (8th Cir. 1988) (noting that federal courts deem Rule 68 offers to be irrevocable).

As a result, an intervening event that occurs before the acceptance period expires, like a negative summary judgment order (*Perkins v. U.S. West Comm.,* 138 F.3d 336 (8th Cir. 1998)) or a plaintiff's counteroffer that would under traditional contract principles allow for revocation (*Pope,* 92 F. Supp. 2d at 1328), do not allow a defendant/offeror to rescind the offer.

The well-established irrevocable nature of the 14-day period supports Defendants' argument that, notwithstanding any good cause cited in Plaintiff's motion for extension of time, the Court cannot as a matter of law "extend" the 14-day period. To do so would in effect undermine the "rather finely tuned procedure" that Rule 68 establishes. *Richardson,* 49 F.3d at 765 ("The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is

guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10-day option).") (citations omitted).

There are not many examples of cases that have addressed extensions of time for a plaintiff to accept an offer under Rule 68. One case cited by Defendants holds that, based upon the procedure contemplated by Rule 68, a court cannot extend that period under any circumstances. *Staffend v. Lake Central Airlines,* 47 F.R.D. 218, 219-20 (N.D. Ohio 1969) (holding that allowing an extension of time to accept would defeat the intent of Rule 68. Applying that rule here would require the Court to deny Plaintiff's original motion for extension of time and vacate its September 11th Docket Order. *See also Parental Guide of Texas, Inc. v. Thomson, Inc.,* 446 F.3d 1265, 1270 (Fed. Cir. 2006) ("Under Rule 68, the terms of a judgment are agreed upon by the parties; the court has no input or discretion to alter or modify any of the terms."); *cf. Leach v. Northern Telecom, Inc.,* 141 F.R.D. 420, 428 (E.D.N.C. 1991) ("Plaintiff alternatively requests that this court toll the period in which she may accept the offer [pending court's resolution of motion to strike offer]. This request will be denied primarily because this order so significantly changes the posture of the case that it would not be fair to hold defendant to the earlier offer.").

There is, however, contrary authority that relies upon Rule 6(b). Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (A) with or without motion or notice if the Court acts, or if the request is made, before the original time or its extension expires;

or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Significantly, that Rule (Rule 6(b)(2)) exempts specific Rules from its application but *not* Rule 68: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."   Based upon the effect of this Rule governing computation of time for "any time period specified in these rules[,]" Rule 6(a), one district court has held that a Court may extend the time period for acceptance under Rule 68 because nothing on the face of that Rule precludes an extension and Rule 6(b) would otherwise apply.  *See Coleman v. McLaren,* 1981 WL 380691, at *2, 33 Fed. R. Serv. 2d 593 (N.D. Ill. June 26, 1981) (entering judgments upon acceptance of Rule 68 offers; "Both extensions granted by [the court] were made before expiration of the period set by Rule 68 (in the case of the second extension, before expiration of a permissible previous extension). Nothing in either Rule 68 or Rule 6(b) even remotely supports [defendant's] contention.").

The Federal Rules were designed to be interdependent, meaning that in interpreting the rules Courts should try and harmonize them with one another.  *See Weiss v. Regal Collections,* 385 F.3d 337, 342 (3d Cir. 2004).  Hence, one Rule should take precedence over another only where truly irreconcilable conflicts arise. *Id.*

Our harmonization of the Rules yields the same conclusion that the Court in *Coleman* reached.  Rule 6(b) authorizes, for good cause shown, extensions of time prior to expiration of any time period.  *Lujan v. National Wildlife Federation,* 497 U.S. 871, 896 (1990).  The Court has broad discretion under this Rule.  *E.g., Hetzel v. Bethlehem*

*Steel Corp.,* 50 F.3d 360, 367 (5th Cir. 1995).  Where there is nothing on the face of the Rule that precludes an extension of time for good cause shown, we see little reason to find that the Court could not, in a particularly unique case, enlarge the acceptance period under Rule 68.

The Court's discretion under Rule 6(b), however, is quite limited.  An extension of time should not be granted, of course, where doing so would materially prejudice the non-moving party.  So, if a Court were asked to extend the acceptance period for a limited period, during which no other litigation costs would be incurred, there would be little prejudice to a defendant.  But, if an extension was sought for a large or indefinite period, during which the litigation machinery would have to continue and thereby unduly burden the offering defendant, a court could not in fairness grant that extension no matter what the good cause was.  *See Staffend*, 47 F.R.D. at 220 ("The value of any lawsuit for settlement purposes varies from time to time and often from day to day. . . . No sensible defendant would make an offer of judgment if he knew the offer might be kept open for an indefinite period of time, even though the value of the litigation might change.").

The Court's discretion is even further limited by Rule 6(b) in cases where an extension is sought *after* the expiration of the original time period.  In such a case, good cause would not be enough; the Court would have to find that the extension was warranted by excusable neglect in failing to comply with the original time period.  *See Staley v. Owens,* 367 F. App'x 102, 105 (11th Cir. 2010).  Demonstrating excusable neglect in these circumstances is not easily done.  *See Thompson v. E.I. DuPont de*

*Nemours & Co., Inc.,* 76 F.3d 530, 534 (4th Cir. 1996); *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to comply with a deadline, they are playing with fire.").

And because the first *Pioneer* consideration for excusable neglect is the prejudice to the opponent, in the Rule 68 context prejudice can be presumed in a case where an extension of time is sought after the initial 14-day period expires. That is the case because the unaccepted offer results in a withdrawal of the offer immediately upon the expiration of the original time period. So, by definition, a motion for extension cannot be filed or granted when the acceptance period has already been deemed withdrawn by operation of the rule. That is not functionally different from the principle that a plaintiff cannot accept a stale offer. *E.g., Whitehouse,* 279 F.R.D. at 290 ("Plaintiff's acceptance of said Offer cannot be valid as it was made after the Offer was withdrawn, 56 days after the Offer was filed and served on her."). A contrary result would also undermine the "rather finely tuned procedure" that Rule 68 establishes. *Richardson,* 49 F.3d at 765.

Another way to put it is that Rule 68 does not expressly preclude a Rule 6(b) extension, *except* where Rule 68 already deems the offer withdrawn when the 14-day period expires. An order extending a stale and already expired period would indeed be in derogation of Rule 68 and would always prejudice the defendant. Therefore, in Rule 6(b) parlance, the court could not grant such an extension because any neglect on the part of the plaintiff could not possibly be excused in that circumstance.

**D.**    _**The September 11th Docket Order Must be Vacated**_

Applying these principles in our case yields only one ultimate conclusion: the Court's Order extending the time for Plaintiff to accept the second offer of judgment must be vacated.  That is because the original motion for extension of time should not have been granted on its merits.  The motion for extension of time was a Rule 6(b) motion filed after expiration of the 14-day acceptance period.  By operation of Rule 68, at the time the motion was filed the original offer was deemed withdrawn.  In other words, it was already null and void.

And even if we again find, as we did back in September, that good cause was demonstrated by Plaintiff's motion due to his counsel's malfeasance, we erred in not applying an excusable neglect standard under Rule 6(b)(1)(B).  Had we applied that more stringent standard, we could not have found that Defendants were not prejudiced by the extension as per Rule 68.  Under _Pioneer,_ therefore, we could not have found counsel's neglect to be excusable under those circumstances.

Where the motion for reconsideration has set forth a good case for manifest injustice if the Docket Order is not vacated, we are regretfully obligated to grant it so as to deny the original motion for extension of time.  And we must strike Plaintiffs' acceptance of the second offer of judgment.  We say regretfully, by the way, because by doing so we continue this litigation even though it most probably should have been resolved on the terms set forth in the second offer of judgment.  If Defendants ultimately suffer negative consequences from this strategy, they will remember the axiom "be careful what you wish for; you just may get it."

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED:

1.    Defendants' Amended Motion for Reconsideration [D.E. 36] is **GRANTED**.

2.    The Court's Docket Order entered September 11, 2013 [D.E. 34] is **VACATED**.

3.    Plaintiff's Motion for Extension of Time [D.E. 33] to accept the second offer of judgment is **DENIED**.

4.    Defendants' Motion to Strike [D.E. 38] Plaintiff's notice of acceptance is **GRANTED**.

5.    Defendants' Motion to Strike [D.E. 45] Plaintiff's response is **DENIED** as moot.

6.    An amended scheduled Order shall be entered following entry of this Order.  Trial in this case shall be specially re-set for August 4, 2014.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of May, 2014.


/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge